UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANTZ GERMAIN,<br><br>                          Plaintiff,<br><br>-against-<br><br>CITY OF COCONUT CREEK, et al.,<br><br>                          Defendants. | 23-CV-6802 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Coconut Creek, Florida, brings this *pro se* action alleging that Defendants violated his federal constitutional and statutory rights. Named as Defendants are the City of Coconut Creek; the Coconut Creek Police Department ("CCPD"); the Chief of the CCPD, Albert A. Arenal; and City of Coconut Creek Commissioners Joshua Rydell, Sandra L. Welch, Jackie M. Railey, John A. Brodie, and Jeffrey R. Wasserman. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Southern District of Florida.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that that Defendants violated his rights in Coconut Creek, Broward County, Florida. Because Defendants are employed in Coconut Creek, Florida, and the alleged events occurred in Florida, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Coconut Creek, Broward County, Florida, which is in the Southern District of Florida. *See* 28 U.S.C. § 89(c). Accordingly, venue lies in the Southern District of Florida, 28 U.S.C. § 1391(b), and in the interest of justice, the Court transfers this action to the United States District Court for the Southern District of Florida, 28 U.S.C. § 1406(a).[1]

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Florida. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

---

[1] Plaintiff states that this action cannot proceed in Florida because Defendants are state government officials. (*See* ECF 1, at 8.) If Plaintiff wishes to litigate this action in another district, he may move for a change of venue in the Southern District of Florida, which is the proper venue for this action, pursuant to 28 U.S.C. § 1404(a). The Court offers no opinion on the merits of any such motion.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 9, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge